IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

ATLAS COPCO CONSTRUCTION     )
MINING TECHNIQUE USA, LLC, a     )
Delaware Limited Liability Company,     )     No. 08 CV 2363
And ATLAS COPCO CUSTOMER     )
FINANCE USA LLC, a New Jersey     )     Judge Der-Yeghiayan
Limited Liability Company     )
                                                          )     Magistrate Judge Brown
v.     )
                                                          )
INDIE ENERGY SERVICES     )
COMPANY, LLC, an Illinois Limited     )
Liability Company, and DANIEL     )
CHEIFETZ, an individual.     )

## MOTION FOR HEARING FOR ENTRY OF
## ORDER OF REPLEVIN UNDER 735 ILCS 5/19-107

Plaintiffs, Atlas Copco Customer Finance USA LLC ("ACF") and Atlas Copco Construction Mining Technique USA LLC ("CMT"), move pursuant Illinois Code of Civil Procedure 735 ILCS 5/19-101 *et seq.*, and Fed. R. Civ. P. 64 for a hearing on Plaintiffs' claim for replevin. In support of their motion, Plaintiffs state as follows:

1.    Plaintiffs have sued Defendants Indie Energy Services Company, LLC ("Indie Energy"), and Illinois Limited Liability Company, and Daniel Cheifetz, an individual, for replevin based on Defendants' wrongful retention of: **(1) a drill, model number T2W, serial number 6201; (2) a vehicle, year 1997, make International, model 2000 Series 2674, vehicle ID number 1HTGLATT3VH431381; (3) a compressor, model number XRVS 976CD, serial number 539285; (4) a drill, model number TH60, serial number 21129; and (5) a Peterbilt truck, serial number 1NPAL40X-7-7D661603.**

2.    Prior to determining any liability for damages, Plaintiffs seek a hearing on their claim for replevin.

3.    On or about July 17, 2006, CMT and Indie Energy entered into a Master Capital

Equipment Lease ("T2W Agreement") whereby Plaintiff leased to Indie Energy an Atlas Copco drill, model number T2W, serial number 6201, attached to a vehicle, year 1997, make International, model 2000 Series 2674, vehicle ID number 1HTGLATT3VH431381, in exchange for periodic rent payments.  CMT delivered said T2W drill to Indie Energy.

4.      On or about July 18, 2006, Defendant Cheifetz executed a Guarantee ("First Guarantee") whereby he personally agreed to assume any and all of Indie Energy's obligations to CMT upon Indie Energy's default or failure to pay on any of its obligations to CMT.

5.      On or about April 12, 2007, CMT and Indie Energy entered into an Installment Loan & Security Agreement ("Compressor Agreement") whereby CMT loaned $99,450 to Indie Energy to be repaid in installments at an interest rate of 7.95%.  In exchange, CMT retained a security interest in the collateral, an Atlas Copco compressor, model number XRVS 976CD, serial number 539285.  The compressor was previously delivered on or about April 4, 2007.

6.      On or about April 12, 2007, Defendant Cheifetz executed a Guarantee ("Second Guarantee") whereby he personally agreed to assume any and all of Indie Energy's obligations to CMT upon Indie Energy's default or failure to pay on any of its obligations to CMT.

7.      On or about June 20, 2007, CMT and Indie Energy entered into an Installment Loan & Security Agreement ("TH60 Agreement") whereby CMT loaned $564,588.46 to Indie Energy to be repaid in installments at an interest rate of 7.95%.  In exchange, CMT retained a security interest in the collateral, an Atlas Copco drill, model number TH60, serial number 21129, mounted on a Peterbilt truck, serial number 1NPAL40X-7-7D661603.  The collateral was previously delivered on or about May 23, 2007.

8.      On or about May 24, 2007, Defendant Cheifetz executed a Guarantee ("Third Guarantee") whereby he personally agreed to assume any and all of Indie Energy's obligations to

CMT upon Indie Energy's default or failure to pay on any of its obligations to CMT.

9.    CMT's rights under these agreements were duly assigned to ACF, a related entity.

10.    On or about March 7, 2008, ACF notified Indie Energy and Cheifetz that the T2W, Compressor, and TH60 accounts were overdue and delinquent.

11.    Due to Indie Energy's default on the three Agreements, Plaintiffs are entitled to the immediate possession of (1) the T2W drill, serial number 6201; (2) the vehicle, year 1997, make International, model 2000 Series 2674, vehicle ID number 1HTGLATT3VH431381; (3) the compressor, model number XRVS 976CD, serial number 539285; the (4) TH60 drill, serial number 21129; and (5) the Peterbilt truck, serial number 1NPAL40X-7-7D661603.

12.    Defendants' refusal to surrender possession of said property is wrongful and in violation of Plaintiffs right to immediate and exclusive possession of this equipment.

13.    As a proximate result of Defendants' wrongful possession and detention of said property, Plaintiffs have suffered, and continue to suffer, the loss of use of said property, and the depreciation of said property.

14.    Plaintiffs have incurred, and continue to incur, the cost of possession, including, without limitation, attorney's fees, court costs and litigation expenses, in an attempt to enforce their rights.

15.    Said property not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of Plaintiffs, or against him or her individually, nor seized under any lawful process against the goods and chattels of such plaintiff subject to such lawful process, nor held by virtue of any order for replevin against Plaintiffs.

16.    Plaintiffs seek a hearing on thier action for replevin to return said property pending disposition of any claims for damages.

17.    The approximate value of the property is $750,000.

18.    A plaintiff is required to give a defendant five days written notice of a hearing to contest the entry of an order of replevin, *see* 735 ILCS 5/19-105, absent certain exceptions outlined in section 106, which currently do not apply, *see* 735 ILCS 5/19-106.

19.    At the hearing on the entry of an order, the court shall review the basis of the plaintiff's claim to possession, and, if the plaintiff establishes a *prima facie* case to a superior right to possession, and a probability that it will ultimately prevail on the underlying claim to possession, the court must so find and enter an order of replevin. *See* 735 ILCS 5/19-107.

20.    Accordingly, pursuant to 735 ILCS 5/19-107 and Fed. R. Civ. P. 64, Plaintiffs request a hearing on their motion for replevin.

WHEREFORE, Plaintiffs ACF and CMT request that this Court schedule a replevin hearing and/or for any further relief requested herein.

Respectfully submitted,
ATLAS COPCO CONSTRUCTION MINING
TECHNIQUE USA, LLC and ATLAS
COPCO CUSTOMER FINANCE USA LLC


By: _____/s/ Victor J. Pioli___ _____
              One of Their Attorneys

Victor J. Pioli
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603
(312) 372-0770
Firm ID 06347

4

5

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, on oath states she caused to be served this Notice of Motion upon the above-named individual, at his address via first class mail, from 33 West Monroe Street, Chicago, Illinois 60603 on December 26, 2006, before 5:00 p.m.


/s/ Victor J. Pioli

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ATLAS COPCO CONSTRUCTION MINING TECHNIQUE USA, LLC, a Delaware Limited Liability Company, And ATLAS COPCO CUSTOMER FINANCE USA LLC, a New Jersey Limited Liability Company | ) ) ) ) ) ) ) | No. 08 CV 2363 <br><br> Judge Der-Yeghiayan <br><br> Magistrate Judge Brown |
| v. | ) ) | |
| INDIE ENERGY SERVICES COMPANY, LLC, an Illinois Limited Liability Company, and DANIEL CHEIFETZ, an individual. | ) ) ) ) ) | |

## ORDER FOR REPLEVIN

On motion of Plaintiffs that an Order of Replevin issue, IT IS HEREBY ORDERD:

1.      Due Notice has been given the Defendants Indie Energy Services Company, LLC, an Illinois Limited Liability Company, and Daniel Cheifetz, an individual.

2.      Plaintiff has established a prima facie case to a superior right to possession of the disputed property and has also demonstrated to the court the probability that it will ultimately prevail on the underlying claim to possession.

3.      A bond is set at $1,500,000, which equals double the approximate value of the property ($750,000).

4.      It is therefore ordered that such officer of this Court to whom this order is directed, having received from the Plaintiff or someone else on Plaintiffs' behalf, a bond of sufficient security and double the value of the property described herein, shall take the specified property of Defendant Indie Energy Services Company, LLC that may be found at **1020 Church Street, Evanston, IL 60201**, or any other location where said property may be located, described as follows: **drill, model number T2W, serial number 6201; vehicle, year 1997, make International, model 2000 Series 2674, vehicle ID number 1HTGLATT3VH431381; compressor, model number XRVS 976CD, serial number 539285; drill, model number**

**TH60, serial number 21129; and Peterbilt truck, serial number 1NPAL40X-7-7D661603,**

and deliver the same to Plaintiffs unless defendant executes a bond and security in the amount of

$1,500,000.

         5.        This Order of Replevin is effective immediately.


                   Judge: _____

                   Date:   _____


Victor J. Pioli
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603
(312) 372-0770
Firm No. 06347