IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATLAS COPCO CONSTRUCTION MINING TECHNIQUE USA, LLC, a Delaware Limited Liability Company and ATLAS COPCO CUSTOMER FINANCE USA LLC, a New Jersey Limited Liability Company,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>INDIE ENERGY SERVICES COMPANY, LLC, an Illinois limited liability company, and DANIEL CHEIFETZ<br><br>　　　　　Defendants. | No. 08 CV 2363<br><br>Judge Der-Yeghiayan<br><br>Magistrate Judge Brown |

## REPLY IN SUPPORT OF MOTION FOR ENTRY OF ORDER OF REPLEVIN

Plaintiffs, ATLAS COPCO CUSTOMER FINANCE USA LLC ("ACF") and ATLAS COPCO CONSTRUCTION MINING TECHNIQUE USA LLC ("CMT") (collectively "Atlas Copco"), submit the following as their reply in support of their motion for entry of an order of replevin.

　　1.　　Defendants, Indie Energy Services Co., LLC ("Indie Energy") and Daniel Cheifetz ("Cheifetz") have filed their response to Atlas Copco's motion for entry of an order of replevin seeking possession of three pieces of equipment: (1) T2W drill, serial number 6201 that is mounted to a vehicle year 1997, make International, model 2000 Series 2674, vehicle ID number 1HTGLATT3VH431381 (the "T2W"); (2) a compressor, model number XRVS 976CD, serial number 539285 (the "Compressor"); and (3) TH60 drill, serial number 21129 that is mounted to a Peterbilt truck, serial number 1NPAL40X-7-7D661603 (the "TH60").

*The Compressor*

2. In their response, Defendants offer no reason why Atlas Copco is not entitled to immediate possession of the Compressor. Indie Energy has failed to make the required payments due under an Installment Loan and Security Agreement (the "Compressor Agreement"). Defendants are in default under the terms of Compressor Agreement and Atlas Copco is entitled to immediate possession of the Compressor as a result. (See Compressor Agreement, Ex. F to Motion, at §§ 4-5). Defendants do not contest Atlas Copco's right to possess the Compressor.

*The T2W Drill*

3. With regard to the T2W, Defendants reassert the same argument they previously made to the Court that Atlas Copco should not be given immediate possession of the T2W because the Certificate of Title to the '97 International truck to which the T2W is mounted reflects Indie Energy as the owner. (See Certificate of Title, Ex. E to Motion). Of course, the same Certificate of Title also recognizes and reflects Atlas Copco's status as a lien holder on the '97 International truck. (Id.).

4. Regardless of what the Certificate of Title to the '97 International truck reflects or does not reflect, Defendants' argument is entirely meritless because the Master Capital Equipment Lease (the "Lease") under which Indie Energy took possession of the T2W affirms Atlas Copco's interest and right to possess the T2W.

5. According to the terms of the Lease, "All Equipment [*i.e.*, the T2W] shall remain personal property and ***title thereto shall remain in Lessor exclusively***." (See Lease, Ex. D to Motion, at ¶ 12 (emphasis added)). In other words, title to the T2W has remained at all times with Atlas Copco.

6. Defendants urge that the Lease is not actually a lease, but rather a "finance purchase agreement." (See Trans. of 5/20/2008 Hearing, Ex. A to Motion, at p. 8). However, even if

2

Defendants are correct, title would not pass unfettered to Indie Energy and Atlas Copco would still retain a security interest in the T2W. The Lease specifically provides as follows:

> "In the event this Lease is deemed to create a security interest, Lessee grants Lessor a security interest in the Equipment as security for all of Lessee's indebtedness and obligations owing under this Lease as well as all other present and future indebtedness and obligations of Lessee to Lessor of every kind and nature whatsoever."

(See Lease, Ex. D to Motion, at ¶ 21).

7. In other words, even if the Lease were a "finance purchase agreement" as Defendants suggest, Atlas Copco would still retain a security interest in the T2W and is entitled to possession as a result of Indie Energy's failure to make required payments due under the Lease. (See Aff. of Gail Rovere, Ex. C to Motion, at ¶ 4).

8. The Certificate of Title for the '97 International truck (to which the T2W is attached) explicitly recognizes Atlas Copco's lien. As has been previously discussed in Atlas Copco's motion, Defendants' contention that the lien is not effective because it has not been recorded with the Secretary of State is without merit. See In re: Lortz, 344 B.R. 579, 583 (C.D. Ill. 2006) (recognizing that "A security agreement is enforceable against a debtor even if the security interest is not perfected. Perfection is only significant, indeed critical, with respect to the creditor's rights vis-a-vis third parties").

9. Significantly, Defendants offer no evidence to rebut the Affidavit of Gail Rovere, Atlas Copco's account manager. Ms. Rovere attested that the reason why Atlas Copco's lien was not recorded with the Secretary of State was because Indie Energy gave repeated assurances to Atlas Copco's demands that Indie Energy obtain a new certificate of title reflecting Atlas Copco's lien that it was already "handled a while back," but if not "we'll go back." (See Aff. of Gail Rovere, Ex. C to Motion, at ¶ 5, Ex. C-2).

10. The only reason Atlas Copco's lien was not perfected and recorded with the Secretary of State is Indie Energy's failure to abide by its promises and properly record it. Defendants offer no evidence (not through Cheifetz's affidavit or otherwise) to rebut that fact – because they cannot. Defendants cannot now be seriously heard to dispute Atlas Copco's right to possession on the basis that its lien was not perfected.

***The TH60 Drill***

11. Finally, Defendants offer no evidence to rebut Ms. Rovere's sworn testimony regarding why Indie Energy was credited $44,761.54 (and not $280,000) for the trade-in T2W at the time it purchased the TH60. (See Aff. of Gail Rovere, Ex. C to Motion, at ¶ 8). Of course, the reason Indie Energy was only credited $44,761.54 is because it had only obtained that amount in equity at the time it traded in the T2W and purchased the TH60. Id.

12. Significantly, Cheifetz does not contend in his affidavit that Indie Energy should be entitled to a larger credit for the trade-in T2W. Cheifetz silence on the issue speaks volumes – there is no way he could offer any sworn testimony that Indie Energy is entitled to a $280,000 credit as urged by Defendants' counsel (see Response, at p. 4; see also Trans. of 5/20/2008 Hearing, Ex. A to Motion, at pp. 13-14, 16) as he knows that is completely untrue.

13. Ms. Rovere's sworn statement on this issue stands un-rebutted and un-contradicted. Indie Energy received all appropriate credits to which it was entitled and has failed to make the required payments under the TH60 Agreement. Pursuant to the terms and conditions of the TH60 Agreement, Atlas Copco is entitled to possession of the TH60 as a result. (See TH60 Agreement, Ex. G to Motion, at §§ 4-5).

WHEREFORE, Plaintiffs, ATLAS COPCO CUSTOMER FINANCE USA LLC and ATLAS COPCO CONSTRUCTION MINING TECHNIQUE USA LLC request that this Court

enter an order granting them immediate possession to the T2W, the Compressor, and the TH60 and for such other relief as this Court deems just and proper.

Respectfully submitted,

ATLAS COPCO CONSTRUCTION MINING TECHNIQUE USA, LLC and ATLAS COPCO CUSTOMER FINANCE USA LLC

By: ____/s/ Victor J. Pioli____
  One of Their Attorneys

Joseph R. Marconi
Victor J. Pioli
Johnson & Bell, Ltd.
33 W. Monroe Street
Suite 2700
Chicago, IL 60603
(312) 372-0770
(312) 372-9818 (fax)

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, on oath states he caused to be served this Reply in Support of Motion for Entry of Order of Replevin upon the attorney of record, at her address via e-filing from 33 West Monroe Street, Chicago, Illinois 60603 on June 16, 2008 before 5:00 p.m.

/s/ Victor J. Pioli