IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ATLAS COPCO CONSTRUCTION | ) | |
| MINING TECHNIQUE USA, LLC, a | ) | |
| Delaware Limited Liability Company, | ) | No. 08 CV 2363 |
| And ATLAS COPCO CUSTOMER | ) | |
| FINANCE USA LLC, a New Jersey | ) | Judge Der-Yeghiayan |
| Limited Liability Company | ) | |
| | ) | Magistrate Judge Brown |
| v. | ) | |
| | ) | |
| INDIE ENERGY SERVICES | ) | |
| COMPANY, LLC, an Illinois Limited | ) | |
| Liability Company, and DANIEL | ) | |
| CHEIFETZ, an individual. | ) | |

## PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIM

Plaintiffs, ATLAS COPCO CUSTOMER FINANCE USA LLC ("ACF") and ATLAS

COPCO CONSTRUCTION MINING TECHNIQUE USA LLC ("CMT"), answer

Defendants' Counterclaim as follows:

### INTRODUCTION

1.     Counter-claimants bring these counterclaims to recover damages based on

counter-defendants' breaches of contract, breaches of express warranties, breaches of implied

warranties and fraudulent misrepresentations with respect to purchase and loan agreements for

drilling equipment.

**Answer**:     Denied.

### THE PARTIES

2.     Counter-claimant, Indie Energy, is an Illinois Limited Liability Company with

its principal place of business located at 1020 Church Street, Evanston, Illinois 60201.

**Answer**:      Plaintiffs are without sufficient information to either admit or deny the allegations contained in ¶ 2.

3.      Counter-claimant, Daniel Cheifetz, is an individual who resides in Cook County, Illinois.

**Answer**:      Plaintiffs are without sufficient information to either admit or deny the allegations contained in ¶ 3.

4.      Counter-defendant, Atlas Copco Construction Mining Technique USA, LLC, is a Delaware Limited Liability Company with is principal place of business in New Jersey.

**Answer**:      Denied.

5.      Counter-defendant, Atlas Copco customer Finance USA LLC, is a Delaware Limited Liability Company with its principal place of business in New Jersey.

**Answer**:      Admitted.

## JURISDICTION AND VENUE

6.      This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the amount in controversy, without interest and costs, exceeds $75,000. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C § 1391(a) because the counter-defendants do business in this district, a substantial part of the events or omissions giving rise to the claim occurred therein, and the property that is the subject of this action is located therein.

**Answer**:      Admitted.

## FACTS

7.    At all times relevant to these counterclaims, counter-claimant, Indie Energy, designed and manufactured clean energy systems by using, in part, geothermal drilling techniques.

**Answer**:    Plaintiffs are without sufficient information to either admit or deny the allegations contained in ¶ 7.

8.    Counter-defendants manufacture, sell and finance industrial equipment, including mining and drilling equipment.

**Answer**:    Admitted.

9.    Indie Energy has engaged in various written agreements with counter-defendants through which Indie Energy has financed and/or purchased equipment and materials necessary for the operation of its business from counter-defendants.

**Answer**:    Plaintiffs admit that Atlas Copco Construction and Mining USA, LLC has executed contracts with Indie Energy for the finance and sale of equipment and materials. Plaintiffs deny any and all remaining allegations contained in ¶ 9.

10.    Indie Energy specifically and expressly informed counter-defendants of the nature of its business – to provide geothermal-based renewal HVAC systems – at or near the beginning of the business relationship.

**Answer**:    Plaintiffs admit that they knew the nature of Indie Energy's business. Plaintiffs deny any and all remaining allegations contained in ¶ 10.

11.    Atlas Copco CMT knew of the nature of Indie Energy's business to provide geothermal-based renewal HVAC systems at or near the beginning of the business relationship.

**Answer**:    Admitted.

12.     Atlas Copco CMT affirmatively represented, warranted and proposed to the counter-claimants that the equipment and materials sold to Indie Energy were suitable for the business purposes for which Indie Energy intended to use them.

**Answer**:     Denied.

13.     Specifically, Atlas Copco CMT represented to the counter-claimants that the use of counter-defendants' patented system Symmetrix, along with the purchased equipment, would enhance the efficiency and quality of Indie Energy's drilling operations. Atlas Copco CMT represented, among other things, that the cocentric working principle of Symmetrix guaranteed effective drilling performance in all formations, boulders, sand, gravel, etc.; that Symmetrix would drill straight holes at any angle from vertical to horizontal equally effectively and that Symmetrix's construction and working principles would ensure substantially lower downtime, consumables and running costs.

**Answer**:     Denied.

14.     On or about July 17, 2006, Indie Energy entered into a lease/purchase agreement with Atlas Copco CMT whereby it financed the purchase of an Atlas Copco drill, Model T2W, Serial No. 6201 and the truck on which the T2W drill is mounted, International Model Series 2674, vehicle identification number 1 HTGLATT3VH431381 (collectively, the "T2W drill")). See Master Capital Lease Agreement, attached hereto as Exhibit A.

**Answer**:     Plaintiffs admit that on or about July 17, 2006, Indie Energy and Atlas Copco CMT entered into a Master Capital Equipment Lease that is attached as Ex. A to the Counterclaim.  Plaintiffs deny any and all remaining allegations contained in ¶ 14.

15.     The total of the amount financed for theT2W drill was $315,126.24.

**Answer**:     Admitted.

16.     Indie Energy holds title to the T2W drill. See Certificate of Title to a Vehicle, attached hereto as Exhibit B.

**Answer**:     Denied.

17.     Counter-defendants are not lien holders with respect to the T2W drill.

**Answer**:     Denied.

18.     On or about April 12, 2007, Indie Energy entered into an Installment Loan & Security Agreement with counter-defendants to purchase an Atlas Copco Compressor, Model XRVS 976 CD, Serial No. 539285 ("Compressor"). See April 12, 2007 Installment Loan & Security Agreement, attached hereto as Exhibit C.

**Answer**:     Admitted.

19.     Pursuant to the Compressor Agreement, Indie Energy was to maintain ownership of the Compressor, subject to a security interest held by counter-defendants.

**Answer**:     Plaintiffs admit that Indie Energy was to obtain ownership of the Compressor subject to its payment obligations, Plaintiffs' security interests, and the various other conditions set forth in the Compressor Agreement.

20.     The total of the amount financed for the Compressor was $99,450.00.

**Answer**:     Admitted.

21.     On or about June 20, 2007, Indie Energy entered into an Installment and Loan Agreement (the "June 20, 2007 Agreement") with counter-defendants to purchase an Atlas Copco drill, Model No. TH60, Serial No. 21129. The TH60 drill was mounted on a Peterbilt truck, vehicle identification number 1NPAL40X-7-7D661603 (collectively, the "TH60 drill"). See June 20, 2007 Installment and Loan Agreement, attached hereto as Exhibit D and the May 30, 2007 UCC Financing Statement, attached hereto as Exhibit E.

**Answer**:      Admitted.

22.     Pursuant to the June 20, 2007 Agreement, Indie Energy was to maintain ownership of the TH60 drill, subject to a security interest held by counter-defendants.

**Answer**:      Plaintiffs admit that Indie Energy was to obtain ownership of the TH60 drill subject to its payment obligations, Plaintiffs' security interests, and the various other conditions set forth in the June 20, 2007 Agreement.

23.     The total purchase price for the TH60 drill was $604,500.00.

**Answer**:      Admitted.

24.     The purchase invoice for the TH60 drill reflects that the balance due for the equipment, after a $280,000 credit was given for equipment traded-in, was $349,281.25. See TH60 drill purchase invoice, attached hereto as Exhibit F.

**Answer**:      Denied.

25.     The June 20, 2007 Agreement states that the total amount financed for the TH60 was $564,588.46.

**Answer**:      Admitted.

26.     The agreements entered into between Indie Energy and the counter-defendants required Indie Energy to use Atlas Copco replacement parts and service technicians.

**Answer**:      Denied.

27.     The T2W drill, the Compressor and the TH60 drill (collectively, the "Subject Equipment"), as well as the Symmetrix drilling system, all failed to perform as expressly and impliedly represented and warranted by counter-defendants.

**Answer**:      Denied.

28.    Counter-defendants were aware of the failures, deficiencies and insufficiencies of the T2W drill, the Compressor, TH60 drill and the entire Symmetrix drilling system.  See Atlas Copco Symmetrix Drilling Presentation to Indie Energy, attached hereto as Exhibit G.

**Answer**:    Denied.

29.    Counter-defendants were aware that the failures, deficiencies and insufficiencies of the T2W drill, the Compressor, the TH60 drill and the entire Symmetrix drilling system were due to their unsuitability for Indie Energy's business purposes.

**Answer**:    Denied.

30.    Atlas Copco CMT performed repairs and replacements of parts and accessories for the Symmetrix drilling system and applied the costs of such repairs and replacements to a "Consumables" account.

**Answer**:    Admitted.

31.    Atlas Copco CMT's repairs and replacements of parts and accessories for the Symmetrix drilling system were unsatisfactory, defective and did not result in the adequate operation of any of the subject equipment.

**Answer**:    Denied.

32.    In contravention of Indie Energy's and counter-defendants' course of dealing, counter-defendants refused to accept the return of the defective T2W drill and the TH60 drill.

**Answer**:    Denied.

## COUNT I – BREACH OF CONTRACT

33.    Counter-claimants incorporate by reference and reallege paragraphs 1 through 32, inclusive, as though fully set forth herein.

**Answer:**     Plaintiffs incorporate their responses to ¶¶ 1-32 as though fully set forth herein.

34.     Indie Energy entered into three agreements with counter-defendants, the June 17, 2006 Agreement, the April 12, 2007 Agreement and the June 20, 2007 Agreement, to purchase drilling equipment that, when used with Atlas Copco's Symmetrix drilling system, would facilitate Indie Energy's business purpose of providing clean energy HVAC systems to its customers.

**Answer:**     Plaintiffs lack sufficient information to either admit or deny the allegations contained in ¶ 34.

35.     Counter-defendants materially breached their contracts with Indie Energy by failing:

     a.     To provide suitable geothermal drilling equipment as contracted and as appropriate for Indie Energy's business purposes.

     b.     To provide truthful and accurate information regarding the suitability, performance characteristics and cost of the Symmetrix drilling system for Indie Energy's business purposes.

     c.     To provide drilling equipment free of design and manufacturing defects and flaws.

**Answer:**     Denied.

36,.     As a direct result of counter-defendants' breaches of contract, Indie Energy has incurred significant expense in repairing and replacing component parts of the Symmetrix system and incurred significant incidental and consequential damages, including lost business opportunities.

**Answer:**     Denied.

## <u>COUNT II – BREACH OF EXPRESS WARRANTIES – UCC</u>

37.    Counter-claimants incorporate by reference and reallege paragraphs 1 through 36, inclusive, as though fully set forth herein.

**Answer**:    Plaintiffs incorporate their responses to ¶¶ 1-36 as though fully set forth herein.

38.    At all relevant times, there was in force and effect in Illinois, the Uniform Commercial Code, Sales, 810 ILCS 5/2-101, *et seq.*, which governs the contracts at issue.

**Answer**:    ¶ 38 states a legal conclusion to which no answer is required.

39.    Counter-defendants' preceding affirmations, representations and promises regarding the cost, appropriateness and performance of Atlas Copco's Symmetrix drilling system and the Subject Equipment created an express warranty that the drilling system and the Subject Equipment would conform to the affirmations, representations and promises made by the counter-defendants, in accordance with 810 ILCS 5/2-313 "Express Warranties."

**Answer**:    ¶ 39 states a legal conclusion to which no answer is required.

40.    Atlas Copco CMT advertised, marketed, showed and displayed depictions of its Symmetrix system, its T2W drill, its TH60 drill and its Compressor to representatives of Indie Energy. Such action by counter-defendants created an express warranty that the Symmetrix system and the Subject Equipment would conform to Indie Energy's expectations, in accordance with 810 ILCS 5/2-313 "Express Warranties".

**Answer**:    Denied.

41.    As a direct result of counter-defendants breaches of their express warranties with respect to the sale of the Symmetrix system, the T2W drill, the TH60 drill and the Compressor, Indie Energy has incurred significant expense in repairing and replacing

component parts of the Symmetrix system and incurred significant incidental and consequential damages, including lost business opportunities.

**Answer**:     Denied.


## COUNT III BREACH OF IMPLIED WARRANTIES (MERCHANTABILITY) – UCC

42.     Counter-claimants incorporate by reference and reallege paragraphs 1 through 41, inclusive, as though fully set forth herein.

**Answer**:     Plaintiffs incorporate their responses to ¶¶ 1-41 as though fully set forth herein.

43.     At all relevant times, there was in force and effect in Illinois, the Uniform Commercial Code, Sales, 810 ILCS 5/2-101, *et seq.*, which governs the contracts at issue.

**Answer**:     ¶ 43 states a legal conclusion to which no answer is required.

44.     Counter-defendants' foregoing affirmations, representations and promises regarding the cost, appropriateness and performance of its Symmetrix drilling system and the subject equipment created an implied warranty that the drilling system and the Subject Equipment would be merchantable and fit for the ordinary purposes for which such equipment is used, *inter alia*, fit for Indie Energy's geothermal drilling work, in accordance with 810 ILCS 5/2-314 "Implied Warranty – Merchantability – Usage of Trade."

**Answer**:     ¶ 44 states a legal conclusion to which no answer is required.

45.     Atlas Copco CMT advertised, marketed, showed and displayed depictions of its Symmetrix system, its T2 W drill, its TH60 drill and its Compressor to representatives of Indie Energy. Such action by counter-defendants created an implied warranty that the

Symmetrix system and the subject equipment would be merchantable and fit for the ordinary purposes for which such equipment is used, *inter alia*, fit for Indie Energy's geothermal drilling work, in accordance with 810 ILCS 5/2 314 "Implied Warranty – Merchantability – Usage of Trade."

> **Answer:**     ¶ 45 states a legal conclusion to which no answer is required.

46.     As a direct result of counter-defendants' breaches of their implied warranties with respect to the merchantability and fitness ordinary purposes of the Symmetrix system, the T2W drill, the TH60 drill and the Compressor, Indie Energy incurred significant additional expense in repairing and replacing component parts of the Symmetrix system and incurred significant incidental and consequential damages, including lost business opportunities.

> **Answer:**     Denied.


## COUNT IV – BREACH OF IMPLIED WARRANTIES
## (FITNESS FOR A PARTICULAR PURPOSE) – UCC

47.     Counter-claimants incorporate by reference and reallege paragraphs 1 through 46, inclusive, as though fully set forth herein.

> **Answer:**     Plaintiffs incorporate their responses to ¶¶ 1-46 as though fully set forth herein.

48.     At all relevant times, there was in force and effect in Illinois, the Uniform Commercial Code, Sales, 810 ILCS 5/2-101 *et seq.*, which governs the contracts at issue.

> **Answer:**     ¶ 48 states a legal conclusion to which no answer is required.

49.     Counter-defendants knew, or had reason to know, at the time that the Agreements were executed that the Subject Equipment was required for a particular purpose, specifically, for Indie Energy's geothermal drilling operations in urban areas.

**Answer**:     Admitted.

50.     Counter-defendants' knowledge created an implied warranty that the drilling system and its component drills and compressor would be fit for a particular purpose, *inter alia*, fit for Indie Energy's geothermal drilling work, in accordance with 810 ILCS 5/2-315 "Implied Warranty – Fitness for Particular Purpose."

**Answer**:     ¶ 50 states a legal conclusion to which no answer is required.

51.     Indie Energy relied on Atlas Copco CMT's skill and judgment to select and furnish suitable equipment.

**Answer**:     Plaintiffs lack sufficient information to either admit or deny the allegations contained in ¶ 51.

52.     As a direct result of counter-defendants breaches of their implied warranties with respect to the fitness for a particular purposes of the Symmetrix system, the T2W drill, the TH60 drill and the Compressor, Indie Energy incurred significant additional expense in repairing and replacing component parts of the Symmetrix system and incurred significant incidental and consequential damages, including lost business opportunities.

**Answer**:     Denied.

## COUNT V – BREACH OF IMPLIED WARRANTIES (MERCHANTABILITY) – UCC

53.     Counter-claimants incorporate by reference and reallege paragraphs 1 through 52, inclusive, as though fully set forth herein.

**Answer**:        Plaintiffs incorporate their responses to ¶¶ 1-52 as though fully set forth herein.

54.      At all relevant times, there was in force and effect in Illinois, the Uniform Commercial Code, Sales, 810 ILCS 5/2-101, *et seq*., which governs the contracts at issue.

**Answer**:        ¶ 54 states a legal conclusion to which no answer is required.

55.      Counter-defendants foregoing affirmations, representations and promises regarding the cost, appropriateness and performance of its Symmetrix drilling system and the subject equipment created an implied warranty that the drilling system and its component drills and compressor would be merchantable and fit for the ordinary purposes for which such equipment is used, *inter alia*, fit for Indie Energy's geothermal drilling work, in accordance with 810 ILCS 5/2-314 "Implied Warranty – Merchantability Usage of Trade."

**Answer**:        ¶ 55 states a legal conclusion to which no answer is required.

56.      Atlas Copco CMT advertised, marketed, showed and displayed depictions of its Symmetrix system, its T2W drill, its TH60 drill and its Compressor to representatives of Indie Energy. Such action by counter-defendants created an implied warranty that the Symmetrix system and the subject equipment would be merchantable and fit for the ordinary purposes for which such equipment is used, *inter alia*, fit for Indie Energy's geothermal drilling work, in accordance with 810 ILCS 5/2-314 "Implied Warranty – Merchantability – Usage of Trade."

**Answer**:        ¶ 56 states a legal conclusion to which no answer is required.

57.      As a direct result of counter-defendants' breaches of their implied warranties with respect to the merchantability and fitness ordinary purposes, their Symmetrix system, their T2W drill, their TH60 drill and their Compressor, Indie Energy incurred significant

additional expense in repairing and replacing component parts of the Symmetrix system and incurred significant incidental and consequential damages, including lost business opportunities.

**Answer**:     Denied.


## COUNT VI – FRAUDULENT MISREPRESENATION

58.     Counter-claimants incorporate by reference and reallege paragraphs 1 through 57, inclusive, as though fully set forth herein.

**Answer**:     Plaintiffs incorporate their responses to ¶¶ 1-57 as though fully set forth herein.

59.     Counter-defendants knowingly made false statements and representations regarding the suitability, fitness, appropriateness and cost of the Symmetrix drilling system, the T2W drill, the TH60 drill and the Compressor for Indie Energy's business purpose of providing geothermal energy solutions to its customers.

**Answer**:     Denied.

60.     Counter-defendants made such false statements and representations in order to induce Indie Energy to enter into leasing and purchase contracts for the Symmetrix system and the Subject Equipment and to repeatedly purchase repair and replacement parts for such equipment.

**Answer**:     Denied.

61.     Indie energy, in justifiable reliance on the statements, warranties and representations made by counter-defendants, entered into leasing and purchasing agreements with the counter-defendants for the Subject Equipment.

**Answer**:    Denied.

62.    As a direct result of counter-defendants' fraudulent misrepresentations with respect to the suitability, fitness appropriateness and cost of the Symmetrix drilling system, the T2W drill, the TH 60 drill and the Compressor,  Indie Energy has incurred significant expense in repairing and replacing component parts of the Symmetrix system and incurred significant incidental and consequential damages, including lost business opportunities.

**Answer**:    Denied.

Respectfully submitted,

ATLAS COPCO CONSTRUCTION MINING
TECHNIQUE USA, LLC and ATLAS
COPCO CUSTOMER FINANCE USA LLC


By: _____/s/ Victor J. Pioli_____
          One of Their Attorneys

Joseph R. Marconi
Victor J. Pioli
Johnson & Bell, Ltd.
33 W. Monroe Street
Suite 2700
Chicago, IL 60603
(312) 372-0770
(312) 372-9818

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, on oath states he caused to be served this Plaintiffs' Answer to Defendants' Counterclaim upon all counsel of record via e-filing on June 19, 2008 before 5:00 p.m.

/s/ Victor J. Pioli