Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2363 | **DATE** | 6/18/2008 |
| **CASE TITLE** | Atlas Copco Construction Mining Technique USA LLC et al vs. Indie Energy Services | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, we grant Plaintiffs' motion for replevin under 735 ILCS 5/19-107 [18] in its entirety. Defendants are ordered to turn over to the Plaintiffs the items that are the subject of this replevin motion by July 2, 2008, at 11:00 a.m.

■[ For further details see text below.]    Docketing to mail notices.

### STATEMENT

This matter is before the court on Plaintiffs' motion for entry of order of replevin under 735 ILCS 5/19-107. Plaintiffs seek to recover possession of: (1) a T2W drill that is mounted on a 1997 International vehicle, (2) a compressor, and (3) a TH60 drill mounted on a Peterbuilt truck. Pursuant to 735 ILCS 5/19-107, "[i]f the plaintiff establishes a prima facie case to a superior right to possession of the disputed property, and if the plaintiff also demonstrates to the court the probability that the plaintiff will ultimately prevail on the underlying claim to possession, the court shall so find as a matter of record and an order for replevin shall be entered by the court." 735 ILCS 5/19-107; Fed. R. Civ. P. 64 (stating that state remedies for seizing property to secure satisfaction is available in federal court).

Plaintiffs claim that the above items are all listed as collateral for agreements that Plaintiffs entered into with Defendants. Plaintiffs contend that Defendants have failed to make required payments under the agreements and Plaintiffs are now seeking to recover the collateral

## STATEMENT

required payments under the agreements and Plaintiffs are now seeking to recover the collateral pending the outcome of the instant action. Defendants do not deny that they have failed to make the required payments under the agreements.

Plaintiffs seek to recover the T2W drill that is mounted on a 1997 International vehicle. Defendants argue that they have the original title to the T2W drill and International vehicle and that the Illinois Secretary of State does not have any record of a lien on the items. Plaintiffs contend that they are not required to record and perfect their lien to recover the items from Defendants since they are not third parties. *In re Lortz*, 344 B.R. 579, 582 (Bankr. C.D. Ill. 2006). Plaintiffs also contend that they did not record the lien because Defendants gave Plaintiffs repeated assurances that Defendants would take care of the recording. Defendants also argue that Plaintiffs have not shown that any agreement gives them the right to a security interest in the T2W drill. Plaintiffs have pointed to portions of their agreement with Defendants that show that Plaintiffs do have a security interest in the equipment. Plaintiffs have also attached to their motion a certificate of title for the T2W drill and International vehicle that lists Plaintiffs as the lien holder. Plaintiffs have shown a superior right to possession of the T2W drill and International vehicle and that Plaintiffs are likely to prevail on the merits as to those items. Therefore, we grant Plaintiffs' motion for replevin on those items.

Plaintiffs also seek to recover the compressor from Defendants. Defendants have not offered any justification for their retention of the compressor. Defendants only make vague references to the fact that some of the equipment provided to them by Plaintiffs might have been defective, that Plaintiffs' records are not reliable, and that Defendants do not owe Plaintiffs the amounts sought by Plaintiffs in the instant action. Plaintiffs have shown a superior right to possession of the compressors and that Plaintiffs are likely to prevail on the

## STATEMENT

merits as to that item. Therefore, we grant Plaintiffs' motion for replevin on that item.

Plaintiffs also seek to recover the TH60 drill mounted on a Peterbuilt truck. Defendants argue that they traded in another drill to Plaintiffs for the TH60 drill mounted on a Peterbuilt truck, but that Plaintiffs did not properly credit Defendants $280,000 for the trade in drill, which was the purchase price for the trade in drill. Plaintiffs have provided evidence that shows that Defendants were credited only $44,761.54 for the trade in drill because Defendants had been financing that drill and that amount was the equity that Defendants had in the drill. Plaintiffs have shown a superior right to possession of the TH60 drill mounted on a Peterbuilt truck and that Plaintiffs are likely to prevail on the merits as to those items. Therefore, we grant Plaintiffs motion for replevin on those items. We have considered all of the arguments by the parties, both oral and written, and we grant Plaintiffs' motion for replevin under 735 ILCS 5/19-107 in its entirety. Defendants are ordered to turn over to the Plaintiffs the items that are the subject of this replevin motion by July 2, 2008, at 11:00 a.m.