IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ATLAS COPCO CONSTRUCTION )
MINING TECHNIQUE USA, LLC, )
et al., )
 )
      Plaintiffs, )
 )
v. ) No. 08 C 2363
 )
INDIE ENERGY SERVICES COMPANY,)
LLC, et al. )
 )
      Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the issue of damages. For the reasons stated below, we award Plaintiffs $522,313.81 in damages.

## BACKGROUND

On December 2, 2009, we granted Plaintiffs' motion for summary judgment on all claims and denied Defendants' motion for summary judgment on all claims. We then gave the parties time to file memorandums on the issue of damages and the parties filed such memorandums. Defendants have not opposed a resolution of the

1

damages issue based on the memorandums and have argued in their memorandum and supplemental memorandum that the court should reduce the damages amount sought by Plaintiffs. Plaintiffs seek as damages: (1) $230,559.03, which is the outstanding balance on the account for the Atlas Copco drill, model number T2W (T2W), (2) $10,872.00, which is the outstanding balance on the account for the Atlas Copco compressor, model number XRVS 976CD (Compressor), which includes a reduction for the resale value, (3) $98,660.84, which is the outstanding balance on the account for the Atlas Copco drill, model number TH60 (TH60), which includes a reduction for the resale value, (4) $56,448.93, which is the outstanding balance on Defendants' consumables account, (5) $86,121.50 in attorneys' fees, (6) $1,486.00 in legal-related costs, and (7) $90,240.51 in mitigation costs and expenses, for a total damages award request of $547,388.81.

## LEGAL STANDARD

A court should begin its assessment of a request for attorneys' fees under "the lodestar method, which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended." *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010). In assessing a request for attorneys' fees, the court should also "consider[] the proportionality of attorneys' fees to the total damage award as a

factor in determining the overall reasonableness of the fee request." *A. Bauer Mechanical, Inc. v. Joint Arbitration Bd. of Plumbing Contractors' Ass'n and Chicago Journeymen Plumbers' Local Union 130, U.A.*, 562 F.3d 784, 793 (7th Cir. 2009); *see also Stark v. PPM America, Inc.*, 354 F.3d 666, 674 (7th Cir. 2004)(stating that "[h]ours spent are not reasonably expended if they are excessive, redundant, or otherwise unnecessary" and that "the hours claimed can be reduced by the number of hours spent litigating claims on which the party did not succeed to the extent they were distinct from claims on which the party did succeed"). In regard to a breach of contract claim, "[w]hen a contract is breached the injured party is, insofar as it is possible to do so by a monetary award, entitled to be placed in the position he would have been in had the contract been performed." *Naiditch v. Shaf Home Builders, Inc.*, 512 N.E.2d 1027, 1040 (Ill. App. Ct. 1987).

## DISCUSSION

I. Uncontested Damages

Defendants have not contested certain damages relating to the unpaid principal and interest on the four contracts, with reductions for the resale prices. Plaintiffs have shown that the outstanding balances on the four pertinent contract accounts,

3

which account for setoffs for resold equipment, are $203,559.03, $10,872.00, $98,660.84, and $56,448.93, totaling $369,540.80. Plaintiffs have shown that such damages are recoverable and reasonable, and Plaintiffs have provided sufficient documentation concerning such damages.

II. Attorneys' Fees

Defendants initially argued that Plaintiffs' request for attorneys' fees should be denied because Plaintiffs failed to provide sufficient details concerning such fees, and because Plaintiffs were improperly seeking to recover fees relating to Defendants' counterclaim. Plaintiffs, at the time, contended that Defendants improperly provided redacted billing records to support their request for attorneys' fees and, therefore, Plaintiffs had failed to provide sufficient detail to warrant granting the request. Plaintiffs explained that they redacted the time entry descriptions in their filing in order to protect the attorney work-product disclosed therein. Plaintiffs also filed a motion seeking to submit unredacted copies of their billing records to the court *in camera* to allow the court to verify the records. We denied Plaintiffs' motion for an *in camera* review, gave Plaintiffs an opportunity to file a more detailed statement regarding the billing records, and gave Defendants an opportunity to file a supplemental memorandum in response. Plaintiffs and

Defendants have filed such documents.

### A. Fees Relating to Counterclaims

Defendants object to $5,395.00 in attorneys' fees that Defendants contend relate to Defendants' counterclaims. (D. Supp. Ans. 2). Defendants contend that such fees are beyond the contractual remedies available to Plaintiffs. Plaintiffs prevailed not only on their claims in this action, but on Defendants' counterclaims. Plaintiffs were required to overcome the counterclaims in order to enforce their contractual rights under the contracts. For example, one of Defendants' counterclaims alleged that Plaintiffs breached their contractual obligations by providing defective equipment to Defendants. (CC Par. 35). That alleged breach of the contract by Plaintiffs was provided by Defendants as their justification for not making payments to Plaintiffs. Thus, if Defendants prevailed on their counterclaims, Plaintiffs could not have prevailed as well. The fees relating to the counterclaims are recoverable by Plaintiffs. Plaintiffs have shown that such fees are therefore recoverable and reasonable and have provided sufficient documentation concerning such fees.

### B. Fees Relating to Audit

Defendants object to $175.00 in attorneys' fees charged on January 15, 2009, relating to responding to an audit request. We agree that Plaintiffs have not shown that such fees are reasonably related to the claims on which they prevailed in this action. Plaintiffs have not shown that such fees are recoverable and have not provided sufficient documentation concerning such fees. Therefore, we deny Plaintiffs' request for the $175.00 in fees relating to the audit.

### C. Total Award for Attorneys' Fees

Based on the above, we find that $85,946.50 in attorneys' fees are both recoverable and reasonable. Plaintiffs have provided sufficient documentation concerning such fees.

## III. Mitigation Damages

Defendants object to $90,240.51 in costs relating to Plaintiffs' efforts to mitigate their damages.

### A. Scope of T2W Contract

Defendants argue that with respect to the T2W contract, mitigation costs are beyond the scope of the damages provision in the contract. However, although the

6

T2W contract does not specifically refer to incidental damages, the contract provides that no remedy specified in the contract was intended to provide the exclusive remedy available to Plaintiffs in regard to the T2W. (T2W Contract Section 19(4)). Thus, there is no bar in the T2W contract to a recovery for mitigation damages.

### B. Repair, Bond, and Deposition Costs

Defendants contend that Plaintiffs have not provided sufficient documentation in regard to mitigation costs relating to repairs, bonds, and depositions. We disagree. Plaintiffs have provided an affidavit to support their request for $805.86 relating to the replevin hearing, $2,550.10 for depositions, and $6,000.00 for bonds. Defendants have not contested that the equipment needed repairs for resale or argued that the costs for bonds and depositions was inappropriate. Defendants' own filings in this case indicated that the equipment was in disrepair. (D SAF Par. 21-24, 26, 29, 32). Plaintiffs have also included repair invoices with their reply brief to justify such costs, and Defendants were given an opportunity to respond to such attachments in Defendants' supplemental brief. As Plaintiffs correctly point out, Defendants themselves benefitted greatly from the resale of the equipment that resulted in a $67,000.00 setoff for the resale of the Compressor and a $498,000.00 setoff for the resale of the TH60. Plaintiffs should be allowed to recover such costs since they

7

made the resale and setoff possible. Plaintiffs have shown that such costs are recoverable and reasonable and have provided sufficient documentation concerning such fees.

### C. Marketing Cost

Defendants also argue that Plaintiffs have not provided sufficient information to support their contention that they incurred $24,900.00 for "Marketing for equipment resale." (Rovere Aff. Par. 17). Plaintiffs have included an affidavit with their motion and attached an invoice to their reply to support their request. While such documents are sufficient to show that Plaintiffs actually incurred such costs, Plaintiffs have not provided sufficient evidence to show that such significant costs were reasonably necessary for mitigation. Defendants also point out that Plaintiffs' employee, Scott Slater, testified at his deposition that he set the resale price for the equipment and marketed the equipment. Such testimony sheds further doubt as to whether the $24,900.00 in costs for marketing were reasonably necessary. Plaintiffs have not shown that such costs are recoverable and reasonable and have not provided sufficient documentation concerning such costs. Therefore, we deny Plaintiffs' request for the $24,900.00 for marketing costs.

D.  Overhead Costs

Defendants have objected to some of the $1,486.00 in legal-related costs listed in an affidavit provided by Joseph Marconi that Defendants characterize as "overhead costs." (Ans. 8). However, Defendants fail to properly identify which costs Defendants are contesting. Defendants make conclusory references to types of costs such as photocopying costs and postage charges, but make no effort to identify which of those specific costs they believe are not recoverable. Therefore, Defendants have not properly objected to certain costs Defendants contend were "overhead costs," and the court will not speculate as to the costs at issue in Defendants' objection.

IV.  Final Damages Award Calculation

Based on the above, we reduce Plaintiffs' requested damages award of $547,388.81, by $175.00, which were attorneys' fees relating to the audit, and by $24,900.00, which were the costs incurred by Plaintiffs for marketing the equipment for resale. Plaintiffs have shown that the remaining $522,313.81 is recoverable and reasonable, and Plaintiffs have provided sufficient documentation concerning such fees and costs. Therefore, we award Plaintiffs a total damages award of $522,313.81.

## CONCLUSION

Based on the foregoing analysis, we award Plaintiffs a total damages award of $522,313.81.

 

_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated: March 31, 2010